This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Dennis E. Pater, appeals the decision of the Medina County Court of Common Pleas, Probate Division. We reverse and remand.
 I.
On February 15, 2001, Suzanne R. Thomson applied to be appointed the guardian of Tiffany Jessie Ally Pater, who was born on December 27, 1997. Ms. Thomson is the maternal grandmother of Tiffany. Ms. Thomson explained that she filed the guardianship application because Tiffany's mother had left Tiffany in Ms. Thomson's care, and therefore, she needed the authority to make decisions on behalf of Tiffany.
In the application for appointment of guardianship, Ms. Thomson named Dennis Pater and Jessica Merlo Pater as Tiffany's parents,[1] but listed the parents' addresses as "unknown[.]" Ms. Thomson eventually had contact with Ms. Pater, who waived notice and consented to the appointment. Neither written notice nor notice by publication was served upon Mr. Pater. Consequently, Mr. Pater did not attend the guardianship hearing that was held on February 21, 2001. Both Tiffany and Ms. Thomson were present at the hearing.
The magistrate issued a decision appointing Ms. Thomson the guardian of Tiffany. In that decision, the magistrate wrote that "[t]he address of Dennis Eugene Pater, father, was unknown. Therefore, the Court was unable to serve the father notice." No objections to the magistrate's decision were filed, and, on March 7, 2001, the probate court adopted the magistrate's decision and appointed Ms. Thomson Tiffany's guardian.[2]
This appeal followed.
 II.
Mr. Pater asserts seven assignments of error. We will discuss each in due course.
 A. Fourth Assignment of Error THE COURT ERRED IN GRANTING THE GUARDIANSHIP OF A MINOR WITHOUT COMPLYING WITH THE REQUISITE PROVISIONS OF THE UNIFORM CHILD CUSTODY JURISDICTION ACT.
In his fourth assignment of error, Mr. Pater contends that the probate court erred in appointing Ms. Thomson guardian without complying with the notice provisions of the Uniform Child Custody Jurisdiction Act, specifically, R.C. 3109.23. We agree.
In 1977, Ohio adopted the Uniform Child Custody Jurisdiction Act ("UCCJA"), which is codified at R.C. 3109.21 through 3109.37. In reWonderly (1981), 67 Ohio St.2d 178, 180. The purpose of the UCCJA is "to avoid jurisdictional competition and conflict with the courts of other states and assure that the state with the optimum access to the relevant facts makes the custody determination, thus protecting the best interests of the child." Id.
A probate court must comply with the jurisdictional standards of R.C.3109.21 to 3109.37 before exercising jurisdiction to appoint a guardian of a minor. R.C. 2111.06; see In re Wonderly, 67 Ohio St.2d at paragraph one of the syllabus (holding that compliance with the UCCJA is required in guardianship termination proceedings). Accordingly, compliance with the notice provisions of R.C. 3109.23 is required. In re Rodriguez (May 1, 1984), Belmont App. No. 83-B-30, unreported, 1984 Ohio App. LEXIS 9048, at *7-8. R.C. 3109.23 provides in relevant part:
 (A) Before making a parenting decree, the court shall give reasonable notice of the parenting proceeding and opportunity to be heard to the contestants, any parent whose parental rights previously have not been terminated, and any person or public agency who has physical custody of the child. If any of these persons or the public agency is outside this state, notice and opportunity to be heard shall be given in accordance with division (B) of this section.
 (B) Notice required for the exercise of jurisdiction over a person or public agency outside this state shall be given either in accordance with the Rules of Civil Procedure governing service of process within this state or by one of the following methods:
 (1) In the manner prescribed by the law of the place in which the service is made for service of process in that place in an action in any of its courts of general jurisdiction;
 (2) As directed by the court, including publication, if other means of notification are ineffective.
 (C) Notice under division (B) of this section shall be served, mailed, delivered, or last published at least twenty days before any hearing in this state.
(Emphasis added.) Under R.C. 3109.23, a parent whose parental rights have not previously been terminated and who lives outside of Ohio must be given notice in accordance with R.C. 3109.23(B). Furthermore, R.C.3109.23(C) clearly mandates that, before holding a hearing in Ohio, a court must wait at least twenty days after the notice was served, delivered, or last published, pursuant to R.C. 3109.23(B).
In the present matter, the record indicates that, during Tiffany's lifetime, Mr. Pater resided in several states, including Pennsylvania, South Carolina, and Tennessee.[3] Although Ms. Thomson indicated that Mr. Pater's exact whereabouts were "unknown," it could be reasonably inferred from the information provided by Ms. Thomson that he lived outside of Ohio; thus, compliance with R.C. 3109.23(B) and (C) was required. We note that the record indicates that Mr. Pater was given neither written notice, as his current address was unknown, nor notice by publication.
As previously discussed, R.C. 3109.23(C) clearly mandates that, before holding a hearing in Ohio, a court must wait at least twenty days after the notice was served, delivered, or last published, pursuant to R.C.3109.23(B). Ms. Thomson filed her application for appointment of guardianship of a minor on February 15, 2001. The guardianship hearing was held on February 21, 2001. Thus, less than twenty days passed between the earliest possible date of service and the guardianship hearing. Although we understand the probate court's reasons for desiring an expedited appointment of a guardian for Tiffany, the statutory provisions of R.C. 3109.23 are mandatory. Accordingly, we hold that the probate court failed to comply with the notice provisions of R.C. 3109.23, and therefore, lacked jurisdiction to appoint Ms. Thomson guardian. In so holding, this court in no way expresses any views regarding the merit of the appointment of Ms. Thomson as guardian. Mr. Pater's fourth assignment of error is sustained.[4]
 B. Seventh Assignment of Error THE PROBATE COURT OF MEDINA COUNTY, OHIO LACKED SUBJECT MATTER JURISDICTION TO HEAR AND GRANT THE APPLICATION FOR GUARDIANSHIP.
In his seventh assignment of error, Mr. Pater contends that, because a parenting proceeding concerning Tiffany was pending in a Tennessee court, the probate court lacked jurisdiction to hear the application for guardianship. See R.C. 3109.24(A).
As previously discussed, the trial court lacked jurisdiction to appoint Ms. Thomson as Tiffany's guardian, as it did not comply with the notice requirements of R.C. 3109.23. As such, we find that the issue raised in the seventh assignment of error is more appropriately addressed by the probate court on remand, after the parties have had the opportunity to present additional evidence, including the Tennessee order, and argue the issue before the probate court. Accordingly, we decline to address the merits of this assignment of error in the present appeal.
 C. First Assignment of Error THE TRIAL COURT ERRED BY NOT PROVIDING APPELLANT OR HIS NEXT-OF-KIN WITH NOTICE OF THE GUARDIANSHIP HEARING AS REQUIRED BY LAW.
 Second Assignment of Error THE TRIAL COURT ERRED IN DETERMINING THAT NEITHER APPELLANT NOR ANY NEXT OF KIN WERE ENTITLED TO NOTICE OF THE GUARDIANSHIP PROCEEDINGS WITHOUT FIRST DETERMINING THAT THE GUARDIAN-APPLICANT EXERCISED REASONABLE DILIGENCE IN ATTEMPTING TO ASCERTAIN THEIR WHEREABOUTS.
 Third Assignment of Error THE TRIAL COURT DEPRIVED APPELLANT OF HIS CONSTITUTIONALLY-PROTECTED DUE PROCESS RIGHT TO NOTICE OF THE GUARDIANSHIP HEARING.
 Fifth Assignment of Error THE TRIAL COURT ERRED IN GRANTING THE GUARDIANSHIP WITHOUT FINDING THAT APPELLANT WAS A PERSON UNSUITABLE TO HAVE THE CUSTODY AND TUITION OF HIS DAUGHTER.
 Sixth Assignment of Error ANY FINDING BY THE TRIAL COURT THAT APPELLANT WAS A PERSON UNSUITABLE TO HAVE THE CUSTODY AND TUITION OF HIS DAUGHTER WAS AGAINST THE MANIFEST WEIGHT AND THE SUFFICIENCY OF THE EVIDENCE.
We decline to address Mr. Pater's remaining assignments of error, as they have been rendered moot by our disposition of his first through third assignments of error. See App.R. 12(A)(1)(c).
 III.
Mr. Pater's fourth assignment of error is sustained. His first through third, fifth, and sixth assignments of error have been rendered moot; therefore, we decline to address them. See App.R. 12(A)(1)(c). For the reasons discussed supra, we decline to address the seventh assignment of error. The judgment of the Medina County Court of Common Pleas, Probate Division, is reversed, and the cause is remanded for a hearing on Ms. Thomson's application for appointment of guardianship of Tiffany after Mr. Pater is afforded the requisite notice and for any other proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BAIRD, J., WHITMORE, J. CONCUR.
[1] Dennis and Jessica Pater are still married.
[2] Apparently, some time after the probate court's decision, the court learned Mr. Pater's address. Consequently, on March 23, 2001, Mr. Pater was served with the court's decision along with other portions of the docket and journal entries; however, from the record, it appears that, prior to this service, Mr. Pater was not given notice of any of the proceedings.
[3] In fact, at the time of proceedings in the probate court, Mr. Pater resided in Pennsylvania.
[4] We note that, subsequent to the appointment, Mr. Pater voluntarily appeared in the court of common pleas and was served with a copy of the application for guardianship as well as several other items from the docket and journal entries.